UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIGUEL ANGEL CAMACHO,

    Plaintiff
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **MIGUEL ANGEL CAMACHO,** by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant.  The cause of action is in excess of $75,000.00.  There is diversity of citizenship.  Plaintiff is a citizen and resident of the state of Connecticut. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or, in the alternative, said conditions do not apply.

3. Defendant CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC., is, upon information and belief, a foreign and/or Panamanian corporation, which is licensed to do business in Florida as a cruise line.  Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about August 20, 2012, Plaintiff was an adult fare-paying passenger on Defendant's vessel MIRACLE.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain a passenger deck in a reasonably safe condition, and/or;

    b. Failing to properly keep a passenger deck clean and dry, and/or;

    c. Failing to properly and safely warn Plaintiff of the dangers of walking on a passenger deck, and/or;

    d. Failing to properly and safely train deck employees in the maintenance of a passenger deck, and/or;

    e. Failing to conduct routine safety inspections on a passenger deck;

    f. Failing to properly design a passenger deck by failing to use non-slip material in an area where it was reasonably foreseeable that liquids and other slippery substances would fall on the deck.

8. As a result of the foregoing, the Plaintiff was injured when he was caused to slip and fall on a slippery marble or stone floor. Plaintiff injured his knee, ankle hip and back in the fall.

9. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time

that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

10. At all times material, Plaintiff was acting with due care for his own safety.

11. Defendant was in direct control/operation of the vessel where Plaintiff was injured.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity; suffered an aggravation of pre-existing conditions, suffered a loss of enjoyment of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 18th day of March, 2013.

> HOFFMAN LAW FIRM
>
> PAUL M. HOFFMAN, Esq.
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
> Facsimile: (954) 563-8171
>
> By: _//s//Paul M. Hoffman, Esq._
> PAUL M. HOFFMAN
> Florida Bar No: 0279897